## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MARK A. BARRY <br><br> Plaintiff, <br><br> v. <br><br> STRYKER CORPORATION, ET AL., <br><br> Defendants. | C.A. No. 20-1787-RGA-SRF (CONSOLIDATED) |

## LETTER TO THE HONORABLE SHERRY R. FALLON
## FROM GIGI MURPHY CONCERNING DISCOVERY DISPUTE

Dated:  October 20, 2022

OF COUNSEL:

KILPATRICK TOWNSEND
  & STOCKTON LLP
D. Clay Holloway
Mitchell G. Stockwell
Courtney S. Dabbiere
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
cholloway@kilpatricktownsend.com
mstockwell@kilpatricktownsend.com
cdabbiere@kilpatricktownsend.com

Dario A. Machleidt
Kathleen R. Geyer
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
DMachleidt@kilpatricktownsend.com
KGeyer@kilpatricktownsend.com

Taylor J. Pfingst
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
TPfingst@kilpatricktownsend.com

Andrew W. Rinehart
1001 West Fourth Street
Winston-Salem, NC 27101
ARinehart@kilpatricktownsend.com

Regina S.E. Murphy (No. 5648)
BARNES & THORNBURG LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Tel: (302) 300-2474
gigi.murphy@btlaw.com

Counsel for Plaintiff Dr. Mark A. Barry

Dear Judge Fallon:

Consistent with Judge Andrews' July 21, 2022 ruling, Dr. Barry moves to compel production of core technical documents for the Atoll OCT, Sierra, Malibu, NewPort, NorthStar, and Mariner spinal systems that are identified in Dr. Barry's Second Amended Identification of Accused Products (Ex. A). SeaSpine refuses to provide these core technical documents, insisting that Dr. Barry must amend both his Complaint **and** his infringement contentions before SeaSpine provides this discovery. This is improper. Dr. Barry's ongoing investigation confirms that these Accused Products are infringing derotation systems and implants compatible with those systems. Dr. Barry has complied with this Court's Orders to include these disputed products in the case, and accordingly, SeaSpine must provide discovery on these products.

## I.  BACKGROUND

### A.  The Medical Device Industry's Use of Accused Products

Dr. Barry's Asserted Patents cover various systems and methods to correct spinal deformities—including severe cases of scoliosis—using *en bloc* constructs to perform derotation. Derotation—or correction—entails twisting the vertebrae back into proper alignment. There are two key types of derotation—segmental and *en bloc*. In segmental derotation, surgeons take two derotators attached to the pedicles on the same vertebra and apply force to these derotators to derotate each vertebra one at a time (below, left). This stands in contrast to "*en bloc*" derotation that involves a surgeon connecting derotators along and/or across the length of the spine to move multiple vertebra at the same time (below, right).



The Accused Products include both implants (screws and rods that remain in a patient's body after surgery) and instruments (derotators and linking clamps used to manipulate implants during surgery) that can be used to perform both *en bloc* and segmental surgeries. That is, the Accused Products can be used to perform both infringing and non-infringing surgeries. SeaSpine's Surgical Technique Guide for the accused Daytona™ Deformity System ("Daytona"), for example, confirms that it "is designed to address standard to complex deformity cases patients" and can be used to perform segmental as well as *en bloc* vertebral body derotation maneuvers. D.I. 1 [21-806], ¶ 55; Ex. B (Daytona Surgical Technique Guide) at 10-11.

SeaSpine instructs surgeons that the Accused Products are also meant to be used with other SeaSpine spine systems. For example, the Daytona Surgical Technique Guide confirms that Daytona can be used with the Daytona **and/or Malibu™ implants**. D.I. 1 [21-806], ¶ 56 (emphasis added); Ex. B at 1, 18. Further, SeaSpine's Indications for Use ("IFUs") confirm that the Accused Deformity Systems can be used with Accused Implant Systems (defined below). For example, the Daytona Small Stature IFU confirms that Daytona Small Stature Spinal System "can be attached to other cleared SeaSpine posterior fixation systems (e.g., Atoll OCT, Sierra, Malibu, Daytona, and Mariner Spinal Systems)." Ex. C at 1.

Dr. Barry's patent claims require both implants and instruments. *See, e.g.*, D.I. 1-1 [21-806] at 9 ('358 Patent), claim 1 ("[Claim] 1. A method for aligning vertebrae in the amelioration

The Honorable Sherry R. Fallon
October 20, 2022
Page 2

of aberrant spinal column deviation conditions comprising the steps of: selecting a first set of pedicle screws [i.e., implants] …. selecting a first pedicle screw cluster derotation tool [i.e., an instrument], …"). Companies like SeaSpine earn revenue from surgeries based on the number of implants surgeons use rather than, for example, charging a set price for the use of the instruments that doctors use during the surgery. Instead, those instruments can be sanitized and reused in many surgeries. Accordingly, both implants and instruments are important to Dr. Barry's infringement and damages contentions.

II.     **FACTS LEADING TO THIS DISPUTE**

On July 21, 2022, Judge Andrews held a discovery dispute hearing regarding, in part, the scope of the Accused Products. Judge Andrews ordered SeaSpine to identify each of its "dozen or so product lines" in response to Dr. Barry's Interrogatory No. 1. Ex. D, 21:20-24. Judge Andrews then stated "if Plaintiff wants to accuse new products as a result of that, they can do so. They then can get more discovery." *Id.* 21:24-22:4.

In compliance with Judge Andrews' Order, after SeaSpine amended its interrogatory response, Dr. Barry served his Second Amended Identification of Accused Products on August 17, 2022. Ex. A. Dr. Barry's Second Amended Identification of Accused Products identified three of SeaSpine's **derotation** systems: (1) previously accused Daytona™ Deformity System; (2) previously accused Daytona® Small Stature Spinal System; and (3) newly added Mariner™ systems (collectively, the "Accused Derotation Systems"). Dr. Barry also identified additional SeaSpine spinal systems which can be used **in conjunction with the Accused Derotation Systems to infringe the Asserted Patents**: Malibu™, NewPort™, Atoll OCT, Sierra, and NorthStar system(s) (collectively, the "Accused Implant Systems").

Consistent with his Complaint, Dr. Barry alleges that SeaSpine induces surgeons to use the Accused Implant Systems with the Accused Derotation Systems to infringe the claims. To be clear, Dr. Barry is not accusing any Accused Implant System alone, without use of the Accused Derotation Systems, of infringing the Asserted Patents at this time. However, the asserted claims require both (a) instruments and (b) implants, and since Dr. Barry served his initial infringement contentions, he has made clear that his contentions encompass doctors' use of both items in derotation surgeries. Ex. E at 1, 3 ("The Daytona Deformity System, which uses Malibu™ technology, is used to align vertebrae in the amelioration of aberrant spinal column deviation conditions" and "[a]ny screw and rod based systems offered by SeaSpine for use in conjunction with the Daytona Deformity Spinal System infringe this claim. Dr. Barry's infringement theories extend to all of SeaSpine's rod-based systems that share the infringing characteristics.").

SeaSpine refuses to provide core technical documents for any newly Accused Product in Dr. Barry's Second Amended Identification of Accused Products unless Dr. Barry "amended [his] Complaint and . . . infringement contentions *for each product* listed in the Second Amended Identification of Accused Products *that show how each product infringes each element of the asserted patent claims*." Ex. F at 1-2 (Aug. 23 Email from J. Jackson) (emphasis in original). As described below, SeaSpine's position conflicts with Judge Andrews' July 21 Order and Scheduling Order ("Orders").

III.    **ARGUMENT**

A.      **SeaSpine Must Produce Core Technical Documents and Discovery Prior to Dr. Barry Serving Infringement Contentions**

Judge Andrews' Order makes clear that once Dr. Barry accused additional products of infringement, Dr. Barry "can get more discovery." Ex. D, 21:24-22:4. The Court's Scheduling

The Honorable Sherry R. Fallon
October 20, 2022
Page 3

Order also sets forth the order and requirements of initial patent discovery exchanges. D.I. 43, ¶ 4(b). First, Dr. Barry identifies the accused products, methods, and systems, which he did on August 17. *Id.* ¶ 4(b)(i). Then, SeaSpine must produce "core technical documents related to the accused product(s)." *Id.* ¶ 4(b)(ii). Only after SeaSpine produces core technical documents is Dr. Barry required to provide his infringement contentions. *Id.* ¶ 4(b)(iii).

SeaSpine refuses to abide by Judge Andrews' Orders. Instead, as SeaSpine said, it refuses to "produce core technical documents related to the Mariner system or any of the other products listed in the Second Amended Identification of Accused Products ***until it has had the opportunity to evaluate the sufficiency of Dr. Barry's amended infringement contentions***." Ex. C at 1-2 (Aug. 23 email from J. Jackson) (emphasis added).

SeaSpine's demand violates both Orders by withholding its core technical production and demanding out-of-time contentions. As discussed below, because the Accused Derotation Systems and Accused Implant Systems are Accused Products in this case and are captured within the description of infringing activity in Dr. Barry's complaint, the Court should compel production of fulsome core technical documents from SeaSpine. *See* Ex. F (*Nielsen Co. (US), LLC v. TVision Insights, Inc.*, No. 1:21-cv-01592 (D. Del. Sept. 2, 2022), D.I. 60) (granting motion to compel Defendant to "produce core technical documents" because the accused system "is an accused product in the case, and appears to be captured within the description of the "Infringing System" in Plaintiff's Complaint").

### B.     Dr. Barry Does Not Need to Amend His Complaint

In withholding discovery into the newly Accused Products, SeaSpine demands that Dr. Barry "set forth the factual bases for accusing each of the products as he did with respect to the Daytona system in his Complaint." Ex. F at 6 (Aug. 18 email from J. Jackson). This is unnecessary. Dr. Barry's complaint places SeaSpine on notice that SeaSpine's infringing conduct includes the use of the Accused Derotation Systems in combination with Accused Implant Systems. For example, Dr. Barry stated that "the Daytona™ Deformity System can be used with the Daytona and/or Malibu™ line of implantable products" as set forth in the Daytona™ Deformity System Surgical Technique Guide. D.I. 1 [21-806], ¶ 56. Therefore, Dr. Barry's Complaint places SeaSpine "on notice of what activity . . . is being accused of infringement": the Accused Derotation Systems used with the Accused Implant Systems. *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). SeaSpine has not articulated any lack of notice.

Further, Dr. Barry provided additional factual bases to SeaSpine in his infringement contentions and during the parties' meet and confers. Dr. Barry's contentions for Daytona reference the Malibu system and set forth that the "Daytona Deformity pedicle screws [charted in his contentions] are merely exemplary. All pedicle screws that SeaSpine distributes that are compatible with the Daytona Deformity System satisfy this element." Ex. E at 3, 5. Moreover, in numerous meet and confers, Dr. Barry informed SeaSpine that its IFUs for the Accused Deformity Systems confirm the same interoperability between Accused Deformity Systems and Accused Implant Systems. For example, the Daytona Small Stature IFU states that the Daytona Small Stature Spinal System "can be attached to other cleared SeaSpine posterior fixation systems (e.g., Atoll OCT, Sierra, Malibu, Daytona, and Mariner Spinal Systems)." Ex. C at 1. It is precisely those combinations of products taught by SeaSpine's own marketing materials that Dr. Barry accuses of infringement and that Dr. Barry identifies in his Second Amended Identification of Accused Products.

Finally, Dr. Barry is not required to amend his Complaint to add additional accused

The Honorable Sherry R. Fallon
October 20, 2022
Page 4

products. The Court's Scheduling Order makes clear that Dr. Barry was not required to identify all accused products in his Complaint. Instead, Dr. Barry was only required to identify the accused products as part of initial discovery in patent litigation. D.I. 43, ¶ 4(b). As long as the Accused Products are captured within the allegations in the Complaint, that is sufficient. *See* Ex. G (*Nielsen Co.*, ECF No. 60).

      **C.**      **SeaSpine's Position that Each Accused Product Must Meet Every Element of an Asserted Claim is Unfounded and Arbitrary**

Finally, SeaSpine takes the arbitrary position that "an 'Accused Product' is one that allegedly meets every element of an asserted claim ***on its own***," insisting, for example that Dr. Barry cannot identify the Malibu implants as Accused Products unless he accuses the entire Malibu product line of infringement. Ex. F at 3-4 (Aug. 21 email from J. Jackson) (emphasis added). At the same time, SeaSpine maintains that "Dr. Barry is not allowed discovery about products that are not accused of infringing the claims of the asserted patents." Ex. F at 6 (Aug. 18 email from J. Jackson). SeaSpine is trying to have its cake and eat it too.

Dr. Barry's Asserted Patents claim both instruments and implants. "To prove direct infringement, the plaintiff must establish by a preponderance of the evidence that one or more claims of the patent read on the accused device." *Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). That "accused device" is not limited to a single product line. Dr. Barry alleges that surgeons combine implants and instruments from multiple product lines to perform infringing surgeries. SeaSpine's documents confirm the same: the Accused Derotation Systems are compatible and used with the Accused Implant Systems. SeaSpine's documents, including the Daytona surgical technique guide, also confirm that SeaSpine teaches surgeons to use the Accused Derotation Systems with the Accused Implant Systems. That makes the Daytona and Malibu systems, as well as the others referenced above, "Accused Products" within the scope of this case and Dr. Barry's contentions.

SeaSpine's unfounded definition of what constitutes an "Accused Product" attempts to preclude Dr. Barry from accusing such combinations and taking permitted discovery concerning these infringing surgeries. There is no basis for SeaSpine's arbitrarily narrow definition, and no basis for the Court to reward SeaSpine's stonewalling.

      **D.**      **SeaSpine's overall discovery conduct prejudices Dr. Barry**

Dr. Barry served his first set of document requests on March 22, 2022, asking SeaSpine to produce documents within 30 days. SeaSpine requested, and Dr. Barry granted, two extensions, giving SeaSpine until May 25, 2022, to respond. To date, however, SeaSpine has produced only 28 documents total: core technical documents for Daytona and references with its invalidity contentions. SeaSpine has not produced any documents in response to Dr. Barry's discovery requests. SeaSpine must act promptly produce responsive documents to requests that are almost seven months old. *Novelty, Inc. v. Mountain View Mktg.*, Inc., 265 F.R.D. 370, 375 (S.D. Ind. 2009), *clarified on denial of reconsideration*, No. 1:07-cv-01229-SEB-JMS, 2010 WL 11561280 (S.D. Ind. Jan. 29, 2010) ("[A] proper response to a request for production requires the responding party—within the specified time—to actually produce the responsive documents . . . ."). SeaSpine has weaponized this Court's deadline for substantial completion of document production (December 20, 2022). Had SeaSpine produced documents at a reasonable time, it would have allowed Dr. Barry to serve follow-up discovery and meet and confer to resolve disputes over actual documents rather than abstract fights over SeaSpine's objections.

The Honorable Sherry R. Fallon
October 20, 2022
Page 5

Respectfully submitted,

Gigi Murphy (No. 5648)

Enclosures

cc:  Counsel of Record (via CM/ECF)

**BARNES & THORNBURG** LLP