IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. MARK A. BARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1787 (RGA) (SRF) |
| | ) | (CONSOLIDATED) |
| STRYKER CORPORATION, et al. | ) | |
| | ) | **PUBLIC VERSION - REDACTED** |
| Defendants. | ) | |

**SEASPINE DEFENDANTS' LETTER BRIEF TO MAGISTRATE JUDGE FALLON IN ADVANCE OF JANUARY 11, 2023 DISCOVERY CONFERENCE**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants SeaSpine Holdings Corp., SeaSpine Orthopedics Corp., and SeaSpine, Inc.*

OF COUNSEL:

Chad T. Nitta
Jason S. Jackson
Heather N. Tilley
KUTAK ROCK LLP
1801 California Street, Suite 3000
Denver, CO 80202-2652
(303) 297-2400

**Original Filing Date: January 5, 2023**
**Redacted Filing Date: January 12, 2023**

Dear Magistrate Judge Fallon,

Plaintiff has repeatedly attempted to obtain discovery about products that he admits do not, on their own, infringe any of the claims of the Asserted Patents and that are not supported by the allegations in his Complaint. Plaintiff's efforts have resulted in multiple discovery hearings and extensive motion practice, including the most recent—a late-stage attempt to amend the deficient allegations in his Complaint. [D.I. 123.] SeaSpine[1] has steadfastly opposed each of Plaintiff's efforts to expand the scope of discovery beyond what is discoverable under the Federal Rules.

The present dispute concerns whether SeaSpine should be obligated to produce documents and discovery responses related to the products identified in the Claim Charts for Infringement of U.S. Patent Nos. 8,361,121, 9,339,301, 7,670,358, 9,668,787, and 9,668,788 by SeaSpine's Mariner® Adult Deformity System (the "Claim Charts"). The Claim Charts are deficient for multiple reasons. First, Plaintiff purports in the Claim Charts to identify as "Accused Instrumentalities" products that this Court struck in its October 26, 2022 Order [D.I. 113] on the grounds that the allegations in the Complaint did not support accusing those products of infringement. Second, Plaintiff purports in the Claim Charts to accuse combinations of SeaSpine products that he has expressly identified in a proposed First Amended Complaint for which he has sought—but not received—permission to file. Third, the Claim Charts are inconsistent with Federal Rule of Civil Procedure 26 and the Default Standard. Rather than rely on SeaSpine's core technical production related to the Mariner Adult Deformity System ("Mariner Deformity")[2]— which demonstrate that Mariner Deformity does not infringe every element of any claim of the Asserted Patents—Plaintiff instead propounds in the Claim Charts allegations based on "information and belief" as well as based on an expert report that addresses completely different products and factual circumstances and was submitted years ago in a different proceeding.

For the foregoing reasons, the Claim Charts are deficient and SeaSpine is entitled to a protective order excluding all SeaSpine products identified therein from the scope of discovery.

**I.     PROCEDURAL HISTORY.**

The present discovery dispute flows directly from the Discovery Conferences held by the Court on October 26, 2022 (the "October Conference") and on July 21, 2022 (the "July Conference"). As Plaintiff conceded in his Letter Brief submitted in advance of the July Conference, the asserted patent claims teach a specific type of spinal derotation called *en bloc* derotation. [D.I. 68 at 1.] [*See also* D.I. 1, Complaint at ¶¶ 17, 22, 27, 32, and 37.] During the July Conference, counsel for Plaintiff confirmed that the Asserted Patents are limited to *en bloc* spinal derotation. [D.I. 109-2 at 4:28-5:1] (stating "Dr. Barry's patents cover different methods and systems of en bloc derotation.") After hearing argument, the Court rejected Plaintiff's request

---

[1] "SeaSpine" collectively refers to Defendants SeaSpine Holdings Corporation, SeaSpine Orthopedics Corporation, and SeaSpine, Inc.
[2] Mariner Adult Deformity is specifically intended for use in deformity surgeries and is different than the Mariner Pedicle Screw System, which is intended for posterior lumbar fixation.

1

to expand discovery to non-accused products and specifically ruled that discovery in this case is limited to products accused of infringement.

Following the July Conference, Plaintiff purported to accuse a number of products that were not capable, on their own or in combination, of being used to perform *en bloc* spinal derotation. In response, SeaSpine refused to produce core technical documents related to the additional products, resulting in Plaintiff seeking to compel production of related core technical documents at the October Conference. After hearing argument, the Court granted Plaintiff's request to compel production of core technical documents as to one product—Mariner Deformity—but denied Plaintiff's request as to the other products and found that Plaintiff's infringement theory as to those other products was not supported by the Complaint. [D.I. 113.] Plaintiff subsequently objected to the Court's October 26, 2022 ruling [D.I. 122] and sought leave to file a First Amended Complaint that expressly identified and accused the products for which the Court had denied Plaintiff's motion to compel [D.I. 123]. Both Plaintiff's Objection and Motion for Leave to Amend remain pending.

## II.     ARGUMENT.

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). *See also U.S. Gypsum Co. v. New NGC, Inc.*, C.A. No. 17-130-JFB-SFR, 2018 WL 6790316, at *2 (D. Del. Aug. 23, 2018). Four factors guide the evaluation of good cause: "relevance, need, confidentiality and harm." *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

### A.     **In The Claim Charts, Plaintiff Accuses Products That This Court Has Already Found Are Not Properly Accused Of Infringement.**

During the October Conference, Plaintiff sought to compel SeaSpine to produce core technical documents related to, among others, the Mariner MIS system, the Mariner Pedicle Screw system, the Malibu system, the NewPort system, the Atoll OCT system, the Sierra system, and the NorthStar system (collectively the "Disputed Products"). In support of his identification of the Disputed Products as "Accused Products," Plaintiff argued that the Disputed Products could be *combined* in various ways to infringe the claims of the Asserted Patents. [D.I. 108 at 2-3.] Moreover, Plaintiff argued that the Complaint supported an infringement theory based on a combination of different SeaSpine products. [*Id*. at 3.] After taking argument at the October Conference, the Court *rejected* Plaintiff's position and declined to compel SeaSpine to produce core technical documents related to the Disputed Products. [D.I. 113.]

In direct contravention of this Court's express Order, Plaintiff purports to accuse each of the Disputed Products of infringement in the Claim Charts, based on the same combination theory that the Court rejected following the October Conference. (*See, e.g.*, **Ex. B**, Chart for U.S. Patent No. 9,339,301 at 2-3.)[3] Accordingly, the Claim Charts are facially deficient and requiring

---

[3] The additional Claim Charts are attached as Exhibits C-F and share the same deficiencies.

SeaSpine to produce documents about products[4] that have already been excluded would be unduly burdensome. SeaSpine is entitled to a Protective Order.

        B.        **In The Claim Charts, Plaintiff Asserts Infringement Theories That The Court Has Already Found Are Not Supported By The Complaint.**

The Claim Charts make clear that Plaintiff's infringement allegations are not limited to Mariner Deformity on its own. Instead, Plaintiff expressly accuses the "use of any Mariner derotation instruments together with (a) the instruments from a non-Mariner system and/or (b) the implants from a non-Mariner system" of infringing the Asserted Patents. (*See e.g.*, **Ex. B** at 2.) Plaintiff also asserts that any "screw-and rod-based systems offered by SeaSpine for use in conjunction with the Mariner Adult Deformity System infringe the asserted claims." (*Id*.) Further, Plaintiff states that his "infringement theories extend to all of SeaSpine's screw-and rod-based systems that share the infringing characteristics." (*Id*.) Finally, Plaintiff identifies *nine* different combinations of SeaSpine products—only three of which involve Mariner Deformity—and states that "each of these Accused Instrumentalities and the use thereof infringe..." (*Id*. at 2-3.)

In striking Plaintiff's identification of the Disputed Products as accused, this Court found that Plaintiff's allegations in the Complaint do not support an infringement theory that is based on combining derotation instruments and implants from different SeaSpine products. Plaintiff conceded the accuracy of the Court's ruling when he sought leave to amend the operative Complaint to include the *precise* allegations set forth in the Claim Charts. [D.I. 123-2 at ¶ 58.] As the Court has not granted Plaintiff leave to amend, the Claim Charts are not supported by the allegations in the operative Complaint and are therefore improper.

Plaintiff is not entitled to take discovery on products based on infringement theories that are not supported by his allegations and requiring SeaSpine to unnecessarily produce proprietary documents and information related to such theories would be a waste of SeaSpine's time and resources. A protective order under these circumstances is appropriate. *See Micro Motion*, 894 F.2d at 1323 (holding that discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit.)

        C.        **The Claim Charts Are Inconsistent With Rule 26 And The Default Standard.**

During the October Conference, the Court granted Plaintiff's request as to Mariner Deformity and ordered SeaSpine to produce core technical documents. [D.I. 113.] SeaSpine produced the required documents on November 9, 2022 and Plaintiff did not challenge the sufficiency of that production. SeaSpine's production clearly shows that Mariner Deformity cannot be used for *en bloc* derotation[5] because it does not include derotation clips that link

---

[4] During the conferral process, Plaintiff stated that he was not seeking discovery related to the Disputed Products "for now." Having already violated the Court's express Order by serving Claim Charts in contravention of that Order, Plaintiff is not entitled to avoid a protective order by purporting to parse out portions of his infringement theory. Plaintiff did not put SeaSpine on notice of any of his infringement theories in the Claim Charts that do not include the Disputed Products.

[5] Whether or not Mariner Deformity can be used for other types of derotation procedures is irrelevant as Plaintiff has long conceded that only *en bloc* derotation procedures infringe the claims of the Asserted Patents. [*See e.g.*, D.I. 68 a 1.]

engagement members along the spine as required by the claims of the Asserted Patents. Plaintiff attempts to camouflage the absence of support for this claim limitation by making allegations in the Claim Charts on "information and belief." (*See e.g.,* **Ex. __** at 9.) Tellingly, Plaintiff does not cite to a document to support his "information and belief" regarding Mariner Deformity including clips that can link along the spine. Plaintiff also attempts to fill the gap by contending, without support, that a surgeon would use instruments from a *different* SeaSpine product—*i.e.* Daytona derotation clips—to link Mariner Deformity along the spine. (*See, e.g. id.* at 10.)

One of the purposes of the core technical production requirement under the Default Standard is to facilitate the patent holder putting forth infringement allegations that are based on relevant technical documents and that put defendants on reasonable notice of patent holder's infringement theories. Plaintiff's invocation of "information and belief" as well as his citation to instruments from a different system in the Claim Charts underscores the *absence* of documents in the Mariner Deformity core technical production that support his infringement contentions. To allow Plaintiff to accuse Mariner Deformity and to include it within the scope of discovery despite the absence of support in the core technical production would effectively defeat the purpose of requiring a core technical production in advance of infringement contentions.

In addition to relying improperly on "information and belief," Plaintiff also improperly relies on an expert report that (1) was prepared more than three years ago, (2) addresses *different* products from *different* manufacturers (Globus and DePuy), and (3) addresses an entirely different fact pattern.[6] This only further underscores the deficiencies in the Claim Charts and the absence of support for Plaintiff's infringement theory in SeaSpine's core technical production.

Plaintiff's mere suspicion and unsupported "information and belief" that claim limitations could be met is insufficient to justify further discovery. *See Tessera, Inc. v. Broadcom Corp.*, No. CV 16-380-LPS-CJB, 2017 WL 4876215, at *2 (D. Del. Oct. 24, 2017) ("requested information is not relevant... if the inquiry is based on the party's mere suspicion or speculation"); *see also Theranos, Inc. v. Fuisz Pharma LLC,* C.A. No. 11-5236-YGR, 2012 WL 6000798, at *4-7 (N.D. Cal. Nov. 30, 2012) (striking contentions based on "information and belief" and staying infringement-related discovery). A protective order is therefore appropriate.

## III. CONCLUSION.

On their face, the Claim Charts circumvent this Court's October 26, 2022 Order, the Default Standard, and Plaintiff's own pending request for leave to amend the operative Complaint. None of the products identified in the Claim Charts are within the proper scope of discovery.

---

[6] In contrast to the fact pattern considered by Dr. Sharma in his expert report, the Mariner Deformity system is brand new, has not been used by surgeons to perform *en bloc* derotation, its technique guide has never included instructions related to using the system for *en bloc* derotation, and does not include the instruments necessary to perform *en bloc* derotation. Accordingly, Dr. Sharma's 2019 opinion regarding Globus and DePuy products has *no relevance whatsoever* to Plaintiff's infringement contentions regarding the Mariner Deformity system.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

BPE/lkm
Enclosures
cc: Clerk of the Court (via hand delivery)
      All Counsel of Record (via CM/ECF and email)