IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MARK A. BARRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-1787-RGA-SRF |
| | ) |
| STRYKER CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **3rd** day of **May, 2023**, the court having considered the parties' discovery dispute letter submissions (D.I. 259; D.I. 260), IT IS ORDERED that:

1. Plaintiff's request to depose third party witness, Todd Keiser, after the deadline for completion of fact discovery is GRANTED. For the reasons set forth below, the court finds that Plaintiff has shown good cause under Federal Rule of Civil Procedure 16(b)(4) to take the deposition of Mr. Keiser after the close of fact discovery. Accordingly, Plaintiff is granted leave to: (1) serve another subpoena on Mr. Keiser as amended only as to the date, time, and location for the deposition with no other amendment to the content included in the original subpoena; and (2) take the deposition of Mr. Keiser after the close of fact discovery, so long as the deposition is completed no later than May 31, 2023.

2. Applications for amendments to scheduling order deadlines are governed by Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

3. Plaintiff has demonstrated good cause for the requested extension. There is no dispute that Plaintiff served subpoenas on Dr. Thomas Errico and Bryan Palerino on January 10, 2023, approximately six weeks before the close of fact discovery on February 17, 2023. (D.I. 43 at 3; D.I. 259, Exs. 3-6) Plaintiff subpoenaed Dr. Errico and Mr. Palerino because documents produced in discovery showed that Dr. Errico used the accused Mesa Derotation System in an allegedly infringing manner, and Mr. Palerino was listed as the sales representative for Dr. Errico. (D.I. 259, Exs. 1-2) Plaintiff's subpoena *duces tecum* to Mr. Palerino specifically requested "[d]ocuments and communications relating to Dr. Thomas Errico's use of Stryker instruments to perform spinal derotation." (*Id.*, Ex. 6 at 5, ¶ 2) Mr. Palerino's responses and objections to the subpoena served on January 10, 2023, implied that Mr. Palerino may have documents relating to Dr. Errico. (*Id.*, Ex. 9 at 4-5)

4. Dr. Errico was not made available for deposition until February 17, 2023, the last day of fact discovery. (D.I. 259, Ex. 10 at 1-2) During his deposition, Dr. Errico disclosed for the first time that Mr. Keiser, and not Mr. Palerino, was Dr. Errico's sales representative. (*Id.*, Ex. 12 at 7:22-8:10) Plaintiff made efforts to subpoena Mr. Keiser immediately following the deposition of Dr. Errico. (*Id.*, Exs. 13, 16, 23) Plaintiff continued to diligently pursue Mr. Keiser's deposition over the course of the following months. (*Id.*, Exs. 17-19) These facts support the court's finding that Plaintiff could not reasonably have ascertained Mr. Keiser's role before Dr. Errico's deposition, and Plaintiff diligently pursued Mr. Keiser's deposition following the deposition of Dr. Errico.

5. Defendant Stryker Corporation ("Stryker") alleges that Plaintiff's service of third-party subpoenas on Dr. Errico and Mr. Palerino six weeks before the close of fact discovery demonstrates Plaintiff's lack of diligence in pursuing third-party discovery because it was too

close to the deadline for fact discovery. (D.I. 260 at 1-2) But Stryker cites no authority supporting its position that this timing is dilatory. Instead, Stryker relies on *MacQueen v. Union Carbide Corporation*, C.A. No. 13-831-SLR, 2015 WL 167674, at *8 (D. Del. Jan. 8, 2015), in which the court found a lack of diligence extending back to the very beginning of the discovery period and impacting all fact discovery in the case. The plaintiff's failure to engage in written discovery in *MacQueen* is not comparable to the specific facts of this case wherein Plaintiff served third-party subpoenas six weeks before the close of fact discovery.

6. The balance of Stryker's arguments in opposition to Plaintiff's motion are unpersuasive. First, Stryker speculates that Plaintiff could have uncovered Mr. Keiser's identity earlier if Plaintiff had subpoenaed other third parties. (D.I. 260 at 2-3) But Stryker does not address how the pursuit of these additional subpoenas would have been reasonable when Plaintiff possessed discovery specifically identifying Mr. Palerino, and not Mr. Keiser, as Dr. Errico's sales representative. (D.I. 259, Ex. 2); *see Wu v. E. Ocean Ag. Corp.*, C.A. No. , 2023 WL 2186448, at *1 (D. Del. Feb. 23, 2023) (explaining that good cause exists when the schedule cannot reasonably be met despite the diligence of the party seeking the extension).

7. Stryker also maintains that it had no obligation to guess why Plaintiff chose to subpoena Mr. Palerino instead of Mr. Keiser. (D.I. 260 at 3) But the court does not construe Plaintiff's motion for relief as imposing any such obligation. Instead, Plaintiff cites Mr. Palerino's subpoena response on January 25, 2023, which represents that he would search for and produce responsive documents in his possession "relating to Dr. Thomas Errico's use of Stryker instruments to perform spinal derotation." (D.I. 259, Ex. 9 at 4-5) Plaintiff juxtaposes this response with Dr. Errico's subsequent deposition testimony confirming that he did not know Mr. Palerino. (*Id.*, Ex. 12 at 8:5-10) Just as Stryker has no obligation to guess at Plaintiff's

3

strategy for third-party discovery, it is not reasonable to expect Plaintiff to question the accuracy of information provided in response to a subpoena which appeared to be consistent with documents produced in discovery. (*Id.*, Ex. 2; Ex. 9 at 4-5)

**8.** The court also grants Plaintiff's request for leave to serve an amended subpoena on Mr. Keiser, provided that the amendment is limited to providing a new date, time, and location for the deposition without amendment of the content included in the original suboena. The record indicates that Mr. Keiser requested reissuance of the subpoena to include the agreed location, date and time for his deposition. (D.I. 259, Ex. 21) Further correspondence confirms that Mr. Keiser agreed to sit for a deposition at a mutually agreeable time and place reflected in an amended subpoena if Plaintiff obtained leave from this court to go forward with the deposition after the close of fact discovery. (*Id.*, Ex. 22)

**9.** The relief granted herein is limited to an extension of time to take the fact deposition of Mr. Keiser and leave to serve an amended subpoena on Mr. Keiser. Any substantive objections to the deposition subpoena of Mr. Keiser shall be directed to the United States District Court for the Southern District of Florida, pursuant to Federal Rule of Civil Procedure 45(d). (D.I. 259, Ex. 16)

**10.** The fact discovery deadline is extended to May 31, 2023, for the limited purpose of completing the deposition of Mr. Keiser. No other deadlines in the scheduling order shall be extended absent leave of court. Any further requests for an extension of the fact discovery deadline or any other amendments to the scheduling order shall be raised by formal request upon a showing of good cause under Fed. R. Civ. P. 16(b)(4).

**11.** On or before **May 4, 2023**, the parties are directed to provide a copy of this Memorandum Order to counsel for Mr. Keiser and the United States District Court for the

4

Southern District of Florida, and shall file a Certificate of Service in this court confirming that the Memorandum Order has been distributed in accordance with this court's instructions.

**12.** On or before **May 10, 2023**, Plaintiff, Stryker, and Mr. Keiser are to meet and confer to select a mutually convenient date, time, and location for the deposition, and Plaintiff shall serve the amended subpoena on Mr. Keiser.

**13.** IT IS FURTHER ORDERED that the discovery dispute hearing scheduled for May 4, 2023, at 2:00 p.m. is CANCELLED.

**14.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 10, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Memorandum Order issued.

**15.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

**16.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge