IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DR. MARK A. BARRY,                          :
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :        Civil Action No. 20-1787-RGA
                                            :
STRYKER CORPORATION, et al.,                :
                                            :
                    Defendants.             :

**MEMORANDUM ORDER**

I review objections taken to an order of a magistrate judge denying a motion to amend a complaint.

The scheduling order set a deadline for amended pleadings of June 3, 2022. (D.I. 43 at 2). Plaintiff Barry filed a motion for leave to file first amended complaint on November 9, 2022. (D.I. 123). In order to succeed, Barry needed to show "good cause" to modify the schedule. Fed. R. Civ. P. 16(b)(4). The focus of the "good cause" inquiry is the diligence of the moving party. (D.I. 237 at 8). The Magistrate Judge recited the procedural history of the case and found that Barry had not shown good cause. (*Id.* at 9-14). So she denied the motion.

Barry objected. (D.I. 247). Defendant Seaspine responded. (D.I 256).

The first question on review is, what is the standard of review? The Local Rules recognize this: "Objections . . . shall identify the appropriate standard of review." D.Del. LR 72.1(b); *see also* D.Del. LR 7.1.5(b). I note that requiring the statement of a standard of review is helpful to the reviewing court. It might also help the disappointed party to consider whether it should even file objections. Barry does not identify a standard of review. He sprinkles throughout his objections the words "errs" and "errors." But that is not the identification of a

standard of review. Barry did not comply with the Standing Order. His objections are thus

overruled. *See Personal Audio, LLC v. Google LLC,* Civ. Act. No. 17-1751, D.I. 784 (D. Del.

April 4, 2023); *Elm 3DS Innovations, LLC v. Samsung Electronics Co.,* 2021 WL 2070338, *2

(D. Del. May 24, 2021). I need proceed no further.

The Court has a standing order that states: "Any party filing objections . . . **must** include .

. . a written statement either certifying that the objections do not raise new legal/factual

arguments, or identifying the new arguments and describing the good cause for failing to

previously raise [them] before the Magistrate Judge." Standing Order for Objections Filed under

Fed. R. Civ. P. 72 (D. Del. Oct. 9, 2013) (emphasis in original) (available on the Court's

website). Barry did not file such a written statement with his objections. Seaspine pointed this

out. (D.I. 256 at 1). Seaspine asserts that Barry has raised arguments that he did not raise before

the Magistrate Judge. (*Id.* at 3-4, 6).[1] Had Barry filed the required statement, I would know

what his position on Seaspine's assertion is. Even after Seaspine raised the issue, Barry did not

seek leave to file a statement providing the required information. This is not some arcane

requirement. It is a practical one, designed to make referrals to magistrate judges as efficient as

the referral system can be. Barry's objections are thus overruled. *See Rogers v. Wilmington

Trust Co.,* 2019 WL 4596650, *2 (D. Del. Sept. 23, 2019). I need proceed no further.

Seaspine states that the standard of review is "clearly erroneous or contrary to law." (D.I.

256 at 3). Nearly a direct quote from the rule. *See* Fed. R. Civ. P. 72(a). The only relevant law

---

[1] One of the arguments Seaspine says Barry makes for the first time before me (D.I. 256 at 4)
relies upon a single case (*Philips v. ASUSTeK Comp.,* 2016 WL 6246763 (D. Del. Oct. 25,
2016)) discussing what is required in order to plead a claim upon which relief can be granted as
support for what the scope of a case is. (D.I. 247 at 8, 9). Those are clearly two different things.
The case is not cited in the briefing before the Magistrate Judge. (D.I. 124; D.I. 149). Thus, it
seems likely that Barry has made at least one new argument.

is Rule 16(b)(4).  Barry does not mention Rule 16, good cause or the "clearly erroneous"

standard.[2]  I do not think Barry raises any legal issues.  Essentially, without ever actually

articulating the relevant standard, he is asserting that various factual findings are clearly

erroneous.  I think he is wrong.  His argument is largely predicated on a hypothetical amended

complaint, not the actual amended complaint that he proposed. (D.I. 123-4). Were I to find it

necessary to rule on the merits of Barry's objections, I would overrule them.  But I do not need

to reach the merits since Barry has not complied with the rules in making his objections.

The Order denying the motion for leave to file first amended complaint (D.I. 237) is

**AFFIRMED**.

IT IS SO ORDERED this 3rd day of May 2023.

United States District Judge

---

[2] Barry does recognize that "diligence" is at issue.